# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| NICKLAUS GLEASON, individually and on behalf of all others similarly situated, | Case No.: |
| | COLLECTIVE ACTION |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| STRATEGIC STAFFING SOLUTIONS, INC., | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Nicklaus Gleason ("Plaintiff"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Collective Action Complaint against Defendant Strategic Staffing Solutions, Inc. ("S3" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1. Defendant S3—a nationwide professional staffing company— systematically misclassified Plaintiff and other similarly situated recruiters as exempt employees, worked them long hours, and willfully failed to pay all overtime

wages owed under the FLSA.

## JURISDICTION AND VENUE

2.      The exercise of jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant is incorporated and maintains its principal place of business in this District and conducts a substantial portion of its business activities in this District.

## PARTIES

4.      Plaintiff is an adult resident of Hamden, Connecticut. Plaintiff worked for Defendant as a sourcing specialist from approximately January 2023 until January 2025. Plaintiff's written consent to be a plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

5.      Defendant Strategic Staffing Solutions, Inc. is a Michigan for-profit corporation with its corporate headquarters at 3011 W. Grand Blvd., Suite 2100, Detroit, Michigan 48202.

6.      Defendant and/or Defendant's officers, directors, agents, employees, or representatives committed the unlawful acts alleged in this Complaint while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

7.      At all times relevant to this Complaint, Plaintiff and similarly situated

2

workers were and are "employees" of Defendant and covered by the FLSA.

8.     At all times relevant, Defendant was and is an "employer" covered by the FLSA.

9.     Defendant employed Plaintiff and continues to employ similarly situated workers across the United States.

10.     Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

11.     At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce; had gross operating revenues in excess of $500,000.00; and employed two or more persons in interstate commerce.

## COLLECTIVE DEFINITIONS

12.     Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and the following similarly situated persons:

> All current and former Recruiters[1] who worked for Defendant in the United States, were paid a salary, and who worked more than forty (40) hours in at least one workweek during the past three years (the "Recruiters" or "Collective Members").

---

[1] For ease of reference, Plaintiff uses the term "Recruiters" to refer to Recruiters, Sourcing Specialists, and similarly titled positions.

3

13.   Plaintiff reserves the right to redefine the Collective prior to notice, and thereafter, as necessary.

## FACTS

14.   Defendant is a professional staffing agency that provides staffing services to its clients.

15.   Defendant employs Account Managers who are responsible for working directly with Defendant's clients. Account Managers obtain all of the information regarding the position that a client is trying to fill. Clients advise Account Managers of the specific credentials and qualifications required of a candidate.

16.   Account Managers then assign Recruiters for a client's hiring needs and supervise their work.

17.   Plaintiff was employed by Defendant as a Recruiter.

18.   Defendant paid Plaintiff a salary of approximately $50,000 a year. Defendant also paid Plaintiff a "commission" of $100 per candidate that Plaintiff identified who was ultimately hired by Defendant's clients.

19.   Defendant paid other Recruiters similar salaries and commissions.

20.   Defendant classified Plaintiff and similarly situated Recruiters as employees exempt from the overtime requirements of the FLSA.

21.   Defendant's classification of Plaintiff and other Recruiters as exempt

4

employees is unlawful as Plaintiff and other Recruiters performed primarily non-exempt duties and did not qualify for any exemption to the FLSA's overtime requirements.

22.    Recruiters, such as Plaintiff, are tasked with matching job seeking candidates (their "consultants") with employers (their "clients") for a fee.

23.    Recruiters are required to follow specific protocols to find candidates who were qualified for open positions. Recruiters were primarily responsible for searching employment databases, including LinkedIn, Indeed, and Defendant's internal systems, to match potential candidates with job openings for Defendant's clients.

24.    Plaintiff and other Recruiters would also post job postings for open positions in Defendant's system and on job websites, like Indeed and LinkedIn.

25.    Recruiters would screen candidates for open job postings by reviewing resumes and contacting potential candidates to complete preliminary screening interviews to see if they meet the qualifications set by Defendant's clients and are interested in the open position.

26.    Based on the screening, Recruiters would then identify several candidates who meet the requirements for an open position and provide them to Defendant's Account Managers.

27.    Recruiters do not have ultimate decision making authority on which

5

candidates get recommended to Defendant's clients.

28. Account Managers have the full and ultimate authority to decide which candidates will be presented to Defendant's clients for an interview.

29. Defendant's clients had the ultimate authority to decide which candidates they would hire.

30. Because Recruiters lack authority over candidate selection and client relationships, they do not exercise the level of discretion required for the administrative exemption under 29 C.F.R. § 541.200.

31. Plaintiff was regularly scheduled to work forty (40) hours a week and two weekends a month; however, he regularly worked past his scheduled working hours in order to meet Defendant's expectations.

32. Due to Defendant's productivity demands, Plaintiff and other Recruiters regularly worked in excess of forty (40) hours a week.

33. Plaintiff regularly worked fifty-six (56) to sixty (60) hours per week.

34. Long hours were common and expected for Recruiters, and other Recruiters worked similar hours to Plaintiff in order to meet Defendant's job expectations.

35. Defendant was aware that Plaintiff and other Recruiters worked over forty hours a week because Defendant was aware Plaintiff and Recruiters would make after hours calls and Defendant assigned Recruiters to work on weekends.

6

36.     Defendant did not compensate Plaintiff or other Recruiters for working overtime at one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.

37.     Plaintiff and other Recruiters were paid the same regular salary regardless of how many hours they worked each week.

38.     Plaintiff and other Recruiters did not manage other employees.

39.     Plaintiff and other Recruiters do not regularly exercise independent discretion and judgment with respect to matters of significance.

40.     Plaintiff's and other Recruiters' work is closely supervised by account managers who oversee their work.

41.     Recruiters had no authority to negotiate compensation, adjust job descriptions, or modify client requirements.

42.     Plaintiff and other Recruiters do not have the authority to waive or deviate from Defendant's established policies and procedures without prior approval.

43.     Defendant does not accurately record and track all of the hours worked by Plaintiff and other Recruiters and therefore have failed to compensate Plaintiff and the proposed FLSA Collective members at one and one-half times the regular rate of pay for hours worked over forty hours in a week.

44.     In addition, Defendant has failed to make, keep, and preserve records

with respect to Plaintiff and other Recruiters sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by federal and state law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

### Defendant Willfully Violated the FLSA's Overtime Provisions

45.    Defendant's actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA.

46.    Even though the FLSA requires overtime premium compensation for hours worked over forty hours per week, Defendant failed to properly pay Plaintiff and other Recruiters overtime compensation for all overtime hours worked.

47.    Defendant knew, or absent its own recklessness should have known, that Plaintiff and Recruiters are or were entitled to such overtime premiums.

48.    By failing to pay all compensation owed to Plaintiff and Recruiters, Defendant acted willfully or with reckless disregard of clearly applicable FLSA provisions.

49.    Furthermore, Defendant was aware that Plaintiff and other Recruiters were misclassified and entitled to overtime premium payments because Defendant has previously been sued for and settled similar claims. *See Norton v. Strategic*

8

*Staffing Solutions-S3, L.L.C., et al.*, No. 3:23-cv-06648 (N.D. Cal.) (filed Nov. 7, 2023).

50.     Following *Norton*, Defendant did not reclassify Recruiters or take any remedial steps to pay Plaintiff or other Recruiters back wages for unpaid overtime.

51.     Defendant is a large, sophisticated employer that has hired or has the means to hire competent counsel to advise it of its legal obligations.

52.     Defendant's continuing violations overtime wage provisions under the FLSA following *Norton* clearly indicate that Defendant has not made good-faith efforts to comply with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

53.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the Collective Members as defined above.

54.     Plaintiff desires to pursue his FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

55.     Plaintiff and the Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to Defendant's previously described common business and compensation practices, and, as a result of such practices, have not been properly paid overtime compensation for all hours worked over forty (40) in a workweek during the relevant time period. Resolution of this action requires inquiry

into common facts, including, Defendant's common timekeeping, compensation, and payroll practices applicable to the employees at issue.

56. The Collective Members are known to Defendant, are readily identifiable through HR and payroll records, and can easily be located through Defendant's business and human resources records and electronic systems.

57. Defendant employs dozens of Collective Members. These similarly situated employees, consisting of both current and former employees who have been employed by Defendant during the relevant three-year statute of limitations period, should promptly be notified in writing of this action through U.S. mail, email, and text message and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**COUNT I**
**Violation of the FLSA**
**<u>(On Behalf of Plaintiff and the Collective Members)</u>**

58. All previous paragraphs are incorporated as though fully set forth herein.

59. The FLSA requires that covered non-exempt employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which they are

10

employed. *See* 29 U.S.C. § 207.

60.     The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

61.     Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

62.     At all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

63.     During all relevant times, Plaintiff and Collective Members have been covered employees entitled to the FLSA's protections. *See* 29 U.S.C. § 203(e).

64.     Plaintiff and Collective Members are not exempt from the requirements of the FLSA.

65.     Defendant, pursuant to its policies and practices, has failed and refused to pay proper overtime wages for all hours worked in excess of forty (40) in a workweek by Plaintiff and the Collective Members during the relevant time period.

66.     Defendant has knowingly failed to properly compensate Plaintiff and the Collective Members overtime wages for hours worked in excess of forty (40) in a workweek, in violation of 29 U.S.C. § 207.

67.     In violating the FLSA, Defendant has acted willfully and with reckless

disregard of clearly applicable FLSA provisions.

68.     Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who intentionally fail to pay an employee's wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and the Collective Members:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Collective Members;

c. Back pay damages (including overtime compensation) and prejudgment interest to the fullest extent permitted under the law;

d. Liquidated damages to the fullest extent permitted under the law;

e. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

f. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims and issues.

Dated: June 16, 2026

Respectfully submitted,

/s/ Adam S. Alexander
Adam S. Alexander (P53584)
**ALEXANDER LAW FIRM**
17200 W. Ten Mile, Ste. 200
Southfield, MI 48075
Tel: (248) 246-6353
Fax: (248) 746-3793
Email: adalesq@gmail.com

Camille Fundora Rodriguez
Michael J. Anderson
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-4635
Facsimile: (215) 875-4604
crodriguez@bergermontague.com
manderson@bergermontague.com

Alexandra K. Piazza
**BERGER MONTAGUE PC**
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Telephone: (215) 875-3063
apiazza@bergermontague.com

*Counsel for Plaintiff and the Proposed*
*Collective Members*

13